# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DARNELL PALACIO | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 02-cv-7225 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| WARDEN JERRY L. STERNES | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Before this Court is the 28 U.S.C. §2254 petition for habeas relief filed by Darnell Palacio ("Palacio" or "Petitioner"). For the reasons stated below, this petition is DENIED. All other motions are MOOT and TERMINATED. This case is CLOSED.

### Background[1]

On November 4, 1981, following a bench trial, Palacio was convicted of two counts of first degree murder and aggravated battery. He was sentenced to life imprisonment. With the aid of counsel, he filed an appeal in the Illinois Appellate Court. In his appeal, he argued that he was denied a right to a speedy trial. On August 1, 1983, the Illinois Appellate Court affirmed the trial court's decision. Palacio did not file a petition for leave to appeal in the Illinois Supreme Court.

Sometime in December 1991, Palacio filed a petition for post-conviction relief. He alleged that his trial counsel was ineffective for failing to fully investigate his claims of duress

---

[1] Unless rebutted by clear and convincing evidence, findings of fact made by the state courts in this case are presumed to be correct. *See Foster v. Schomig,* 223 F.3d 626, 631 (7th Cir.2000).

-1-

and emotional instability. The State filed a motion to dismiss on the grounds that the petition was untimely. The trial court granted the State's motion to dismiss. Palacio appealed. His appointed appellate counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). On August 15, 1996, the Illinois Appellate Court denied the motion to withdraw. The State then confessed error, and the Illinois Appellate Court remanded the case to the circuit court for further consideration.

On November 12, 1998, Palacio filed an amended petition for post-conviction relief. In that petition, he claimed he received ineffective assistance of counsel. He claimed his trial counsel failed to call witnesses to refute the state's expert witness testimony on his sanity at the time of the crime, failed to see that the report offered by the expert did not meet the requirements of the law, and failed to see that the report did not give a diagnosis or a prognosis as to how the expert came to his opinion. The appointed counsel in that case filed a certificate pursuant to Illinois Supreme Court rule 651(c) and informed the trial court that she would stand on the pro se petition.[2]

The trial court denied Palacio's petition, and he appealed to the Illinois Appellate Court. The state appellate defender filed a motion to withdraw as counsel pursuant to *Finley*, 481 U.S. 551. Palacio filed a response opposing the withdrawal. In that response, he outlined how his trial counsel had been ineffective and added that his appellate counsel on direct appeal was also ineffective. On December 3, 2001, the Illinois Appellate Court granted the motion of appellate counsel for leave to withdraw and affirmed the dismissal order of the Circuit Court of Cook

---

[2] On June 30, 2000, this Court dismissed the habeas petition that Palacio had prematurely filed on June 8, 1999.

County. Palacio then filed a petition for leave to appeal in the Illinois Supreme Court, claiming that his trial counsel was ineffective for failing to conduct an adequate investigation and failing to call key witnesses to establish an insanity defense. The Illinois Supreme Court denied leave to appeal on April 3, 2002.

In addition to that petition, Palacio had filed a motion for relief from judgment on December 4, 2000. In that motion, he alleged that his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the trial court had based his life sentence on a finding that his crime was brutal and heinous. The trial court treated the motion as a successive post-conviction petition and denied it on December 19, 2000. Palacio filed an appeal. The state appellate defender filed a motion to withdraw pursuant to *Finley*, 481 U.S. 551. Palacio was advised that he could respond to the motion; he opted not to do so. On June 17, 2002, the appellate court granted the *Finley* motion. Palacio did not file a petition for leave to appeal to the Illinois Supreme Court.

On May 28, 2002, Palacio filed a third post-conviction petition in Cook County Circuit Court. That petition raised the same issues that had been previously raised. On October 3, 2002, Palacio filed the petition for habeas corpus that is currently before this Court.

Standard of Review

Federal courts may not grant a writ of habeas corpus to a prisoner held under a state court judgment unless custody of the prisoner violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Mahaffey v. Schomig,* 294 F.3d 907, 914 (7th Cir.2002). Moreover, before a federal court will grant a habeas petition, the petitioner must both exhaust state remedies and comply with state rules regarding procedural default. *Mahaffey,* 294 F.3d at 914-915.

Petitioners exhaust all of their state court remedies when: (1) they present them to the highest court of the state; or (2) no state remedies remain available to the petitioner at the time that the petition is filed. *See Farrell v. Lane,* 939 F.2d 409, 410 (7th Cir.1991).

Procedural default occurs either when (1) a petitioner fails to raise an issue on direct appeal or post-conviction review, *see Farrell,* 939 F.2d at 410; or (2) the state court clearly relies on a state procedural bar as an independent basis for its denial of relief. *See Caldwell v. Mississippi,* 472 U.S. 320, 327 (1985). In order to avoid procedural default, a petitioner must fairly present the claim "at each and every level in the state court system..." *See Lewis v. Sternes,* 390 F.3d 1019, 1025 (7th Cir.2004) (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-845 (1999)). As the Seventh Circuit has noted, "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at *each level* of state court review has procedurally defaulted that claim." *Lewis,* 390 F.3d at 1026 (internal citations omitted) (emphasis added).

If a petitioner has procedurally defaulted a claim, this Court can only grant relief if (1) there is adequate cause for his failure to raise the claim in state court and prejudice resulting from the default or (2) default would result in a "fundamental miscarriage of justice." *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

Even where a federal court reaches the merits of a petitioner's claim, relief is only warranted in certain circumstances. To prevail, a habeas corpus petitioner must show that adjudication of the case resulted in a decision that was:(1) contrary to, or (2) an unreasonable application of clearly established federal law as determined by the United States Supreme Court; or, (3) based on an unreasonable interpretation of the facts in light of the evidence presented in

the state-court proceedings. 28 U.S.C. § 2254(d). The first ground pertains to pure questions of law. *See Lindh v. Murphy,* 96 F.3d 856, 868-69 (7th Cir.1996), rev'd on other grounds, 521 U.S. 320 (1997). The second ground pertains to mixed questions of law and fact. *Id.* at 870. To warrant relief, the state-court error must be "grave enough to be called 'unreasonable.'" *Id.* A state-court conclusion will stand if it is "one of several equally plausible outcomes." *Hall v. Washington,* 106 F.3d 742, 749 (7th Cir.1997). A state court's application of Supreme Court precedent is reasonable if it is "at least minimally consistent with the facts and circumstances of the case." *Hennon v. Cooper,* 109 F.3d 330, 335 (7th Cir.1997). Finally, the third ground contemplates relief only where the facts are, by "clear and convincing evidence," demonstrably wrong. *See* 28 U.S.C. § 2254(e)(1). State court factual determinations are presumed to be correct, although a petitioner may rebut that presumption with clear and convincing evidence. *Mahaffey,* 294 F.3d at 915; 28 U.S.C. §2254(e)(1).

## Analysis

Palacio raises three claims in his habeas petition. First, he claims his trial counsel was ineffective. Second, he claims that his appellate counsel on direct appeal was ineffective. Third, he argues that his sentence is unconstitutional, pursuant to *Apprendi,* 530 U.S. 466. Both sides agree that Palacio has satisfied the exhaustion requirement with respect to all three claims.

*Ineffective Assistance of Trial Counsel*

Respondent claims that Palacio procedurally defaulted his ineffective assistance of trial counsel claim because he did not raise it before the appellate court. Respondent's characterization is inaccurate. Palacio did brief the issue of ineffective assistance of trial counsel in his response to his post-conviction appellate counsel's *Finley* motion. In the *Finley* motion,

his post-conviction appellate counsel noted that Palacio argued in his *pro se* post-conviction petition that he had been denied effective assistance of trial counsel. That argument notwithstanding, counsel stated that "there are no viable issues raised in the instant petition."

Palacio responded to the *Finley* motion by filing a brief that explained how his appellate counsel was ineffective for failing to raise the issue of ineffectiveness of trial counsel. Palacio explained exactly how his trial counsel had been ineffective and cited precedent that he felt supported his position. He also argued that at the very least he was entitled to hearing on the issue of whether trial counsel's acts contributed to his alleged inability to understand his rights as communicated to him by the trial court.

Although Palacio was inartful in his pleading–he incorrectly captioned his argument as dealing with appellate counsel when in fact almost all of his submission dealt with the ineffectiveness of trial counsel–he did fairly present his claim of ineffective assistance of trial counsel. Palacio's discussion of trial counsel's failings, complete with citation to precedent, is sufficient to satisfy the fair presentment requirement. *See Wilkinson v. Cowan* (suggesting that presenting an issue in a brief responding to a *Finley* petition is sufficient to satisfy presentment requirement when issue has already been presented in post-conviction petition). Palacio later raised the ineffective assistance of trial counsel argument before the Illinois Supreme Court.

As noted earlier, however, a failure to present a claim to the state's courts is not the only way that a petitioner can procedurally default. Procedural default also occurs if the state courts reject a petitioner's claim based on an independent and adequate state procedural ground. *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 729 (1991); *Harris v. Reed*, 489 U.S. 255, 263-64 (1989)(determining that if a state court decision rests on a state procedural ground that is

adequate to support the judgment and independent of the federal question, a federal court may not review any questions of federal law); *Lee v. Davis*, 328 F.3d 896, 899-900 (7th Cir. 2003).

The Illinois Appellate Court determined that Palacio's "unsupported conclusory allegation regarding trial counsel's representation did not warrant an evidentiary hearing" in line with *People v. Jackson*, 572 N.E.2d 475 (1991). In *Jackson*, the Illinois Appellate Court noted that it was the petitioner's burden to support allegations of constitutional violations with affidavits, records, or other evidence containing specific facts. Petitioners who failed to do so, the appellate court concluded, were not entitled to a post-conviction hearing under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/112-2. *See Jackson*, 572 N.E.2d at 479 (citations omitted). The *Jackson Court* then concluded that "[i]n the absence of affidavits supporting the somewhat conclusory allegations contained in defendant's amended petition for post-conviction relief, we cannot say that the trial court abused its discretion in determining that the petition should be dismissed without an evidentiary hearing." *Id*.

Palacio, like the litigant in *Jackson*, failed to provide supporting evidence such that he satisfied the requirements of the Illinois Post-Conviction Hearing Act. The Illinois Appellate Court noted the failure when it concluded that his unsupported conclusory allegations did not warrant a hearing under *Jackson*. In doing so, the appellate court relied on an independent and adequate state ground–the failure to go beyond conclusory statements and provide supporting evidence. Accordingly, Palacio has procedurally defaulted this claim. *See McGee v. Leibach*, No. 02-C1661, 2003 WL 22089734, at *4 (N.D.Ill. Sept. 5, 2003)(finding petitioner had procedurally defaulted claim when the appellate court "based its denial of Petitioner's post-conviction petition on an independent and adequate state ground--failure to go beyond mere conclusory statements and to

provide supporting evidence."); *McIntyre v. Barnett*, no. 98-C5061, 2000 WL 875733, at *3 (N.D.Ill. June 27, 2000)(same).

Given the procedural default, this Court may only grant habeas relief if it determines that Palacio has demonstrated that he had cause for the default and suffered prejudice as a result, or that a fundamental miscarriage of justice will result if the claim is not considered. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Construing his filings liberally, this Court concludes that Palacio believes the fact that his trial counsel was ineffective should provide cause. Palacio relies on *Edwards v. Carpenter*, 529 U.S. 446 (2000), a case where the Supreme Court held that an ineffective assistance of counsel claim asserted as a cause for the procedural default of another claim could be procedurally defaulted. The key problem with Palacio's reliance on *Edwards* is that his case is factually quite different. By the time Palacio filed his post-conviction petition and defaulted on the ineffective assistance of counsel claim, his trial counsel was no longer involved in the case. It was Palacio who opted to file the post-conviction petition without adding any supporting evidence. Consequently Palacio, and not trial counsel, is responsible for the procedural default. The fact that trial counsel may have been ineffective does not provide cause for the procedural default that occurred after trial counsel was no longer involved in the case. See *Barnett*, 2000 WL 875733 at *3.

In order to show a miscarriage of justice will occur if a procedural default is not excused, Palacio must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1980). Thus, Palacio must show "that it is more likely than not that no reasonable juror would have convicted him." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Palacio has not argued that the violation probably resulted in the conviction of one who is actually innocent nor has he offered

adequate support for the proposition that he is actually innocent. Therefore, his procedural default cannot be excused.

*Ineffective Assistance of Appellate Counsel*

Next, Palacio claims that he was denied effective assistance of appellate counsel on direct appeal. With respect to this claim, the state is correct in arguing that Palacio did not fairly present it to each level of the state court system. In order to avoid procedural default, petitioners are required to bring their claims at every level of the state court system, including initially raising the claim in the post-conviction petition. *See Lewis,* 390 F.3d at 1025. The first time Palacio mentioned that his counsel on direct appeal had been ineffective was in his response to the appellate defender's *Finley* motion to withdraw from representation. The argument was not presented to the state trial court as it had not been presented in Palacio's post-conviction petition. In *Lewis*, the Seventh Circuit rejected the notion that the notion that a petitioner fairly presents his federal claim to the state courts when he raises that claim for the first time in an appellate brief after his lawyer has filed a motion to withdraw under *Finley*. See *Lewis*, 390 F.3d at 1031.

Palacio does not argue that he had cause for the default of his ineffective assistance of appellate counsel claim. He also does not argue that a fundamental miscarriage of justice will result if the claim is not considered. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). His procedural default cannot be excused.

*Apprendi Violation*

Palacio's final claim is that his sentence is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This claim has been procedurally defaulted, as Petitioner did not file a petition for leave to appeal before the Illinois Supreme Court and therefore did not raise it before

the Illinois Supreme Court. The Supreme Court was presented with a similar situation in *O'Sullivan v. Boerckel,* 526 U.S. 838, 848-849 (U.S. 1999). In that case, the petitioner's habeas petition raised three issues that had not been included in his petition for leave to appeal to the Illinois Supreme Court. The Supreme Court held that a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has not properly presented his claims to the state courts and therefore has procedurally defaulted those claims. Palacio offers no cause for the default. He also fails to show that a fundamental miscarriage of justice will result if the claim is not considered. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[3] His procedural default cannot be excused.

---

[3] Even if Petitioner had not procedurally defaulted this claim, it is clearly without merit. The Seventh Circuit has held that *Apprendi* "does not disturb sentences that became final before January 26, 2000, the date of its release." *Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002). Palacio's direct appeal was final on August 1, 1983, long before the January 26, 2000 cut-off date. Since *Apprendi* does not apply retroactively, Palacio's *Apprendi* claim cannot be considered here. *See Garrott v. United States,* 238 F.3d 903, 906 (7th Cir.2001); *Talbott v. Indiana,* 226 F.3d 866, 868-69 (7th Cir.2000). Furthermore, aside from the time-bar, it is unclear how *Apprendi* would even apply in this case given that the trial court had discretion under state statute to sentence Palacio to life imprisonment for the crimes of which he was convicted. *See, e.g., U.S. v. Hernandez*, 330 F.3d 964, 980 (7th Cir. 2003)("The *Apprendi* decision makes clear that its application does not extend to situations where a defendant's sentence does not exceed a prescribed statutory maximum.)(citations omitted). The state trial court reviewing Palacio's *Apprendi* argument determined that his sentence was predicated on the fact that he had been convicted beyond a reasonable doubt of a double homicide. Under the aggravating factors set for in 720 ILCS 5/9-1(a)(b), the trial court had the discretion to impose a natural life sentence for the double homicide. Palacio's sentence, then, did not exceed a prescribed statutory maximum.

## Conclusion

For the foregoing reasons, Palacio's petition is DENIED. All pending motions are MOOT and TERMINATED. This case is CLOSED.

Enter:


/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **March 31, 2006**